IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSHALL DEWAYNE WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-126-SPB-RAL |
| | ) |
| PAMELA BONDI, United States Attorney, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER
## REGARDING APPEAL AT ECF NO. [5]

Petitioner Marshall DeWayne Williams commenced this civil action on May 19, 2025, seeking a writ of habeas corpus pursuant to 28 U.S.C. §2241. The case has been referred to Chief U.S. Magistrate Judge Richard A. Lanzillo for a Report and Recommendation, in accordance with the Magistrate Judge's Act, 28 U.S.C. §636(b)(1) and Local Civil Rule 72.

On June 5, 2025, Williams filed an "Emergency Motion for Temporary Restraining Order ("T.R.O."), or Preliminary Injunction Directing Respondent Employees Not to 'Throw Petitioner's Legal and Personal Property In the Trash' on July 13, 2025." ECF No. 2. Williams requested that the emergency court order be sent to employees "B. Brantley, R&D Officer" at F.C.I Bennettsville and "Ms. Allen, R&D Supervisor" at F.C.I. McKean.

Judge Lanzillo denied Williams' motion in a text order dated August 5, 2025. The text order explained that "[t]he Court has no authority to issue an order to prison officials directing them as to how to handle Petitioner's private property in a habeas corpus action pursuant to 28 U.S.C. Section 2241." ECF No. 3. One week later, on August 12, 2025, Judge Lanzillo issued an order administratively closing the case pending Plaintiff's payment of the $5.00 filing fee or

1

submission of a motion to proceed IFP by September 5. 2025. ECF No. 4. Williams was later given an extension of time, and his IFP motion is now due on or before November 7, 2025. ECF No. 7.

In the meantime, Williams filed an appeal of Judge Lanzillo's August 5, 2025 order denying his motion for emergency injunctive relief. ECF No. 5. In his appeal, Williams contends that Chief Judge Lanzillo erred by improperly denying the Court's jurisdiction to issue the requested relief. While recognizing that federal courts have limited jurisdiction, Williams nevertheless contends that the courts have "many types of jurisdiction -- including 'plenary,'" and the courts "must effect their duty to oversee and supervise the case to ensure justice." *Id.*

Pursuant to 28 U.S.C. §636(b)(1)(A), a magistrate judge may hear and determine most non-dispositive pretrial matters. A district judge may reconsider these determinations on appeal if the decision was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *N.L.R.B. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).

Here, the Court perceives no basis for disturbing Judge Lanzillo's ruling. With respect to federal prisoners like Williams, 28 U.S.C. § 2241 confers habeas jurisdiction over an inmate's challenge to the execution – as opposed to the validity – of his sentence. *Cardona v. Bledsoe*, 681 F.3d 533,535 (3d Cir. 2012). Two types of claims may ordinarily be litigated in a § 2241 proceeding. First, a prisoner may challenge conduct undertaken by the Federal Bureau of Prisons (the "BOP") that affects the duration of his custody. For example, a prisoner can challenge the BOP's computation of his federal sentence, *see, e.g., Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990), or the constitutionality of a BOP disciplinary action that resulted in the loss of good conduct sentencing credits, *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). Secondly, a prisoner can challenge BOP conduct that "conflict[s] with express statements in the

applicable sentencing judgment." *Cardona*, 681 F.3d at 536; *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005).

As the party seeking preliminary injunctive relief, Williams has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). To state a basis for injunctive relief, Williams' motion must allege facts and claims that are connected to those raised in his §2241 petition. *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (*per curiam*); *James v. Varano*, No. 1:14-CV-01951, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017) (stating that "there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction").

Moreover, a request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Preliminary injunctive relief is not a tool for prisoners to use to regulate 'in every way, every day, the terms and conditions of plaintiff's confinement simply because they are in court and regardless of the relation of the activity desired to be stopped with the claim in the complaint.'" *Stile v. Fed. Bureau of Prisons*, CIV. NO. 16-3832, 2017 WL 2656646, at *4 (D.N.J. June 19, 2017) (quoting *Muhammad v. Director of Corrections*, No. CIV S-07-0375 GEB GGH P, 2009 WL 161075, at *1 (E.D. Ca. Jan. 22, 2009)). Thus, where a plaintiff requests an injunction that would require the

3

Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell,* 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Beard v. Banks*, 548 U.S. 521, 528 (2006); *Bell v. Wolfish,* 441 U.S. 520, 527 (1979). *See also Young v. Tarr*, No. 1:25-CV-00025, 2025 WL 906134, at *1–2 (W.D. Pa. Feb. 24, 2025), *report and recommendation adopted*, 2025 WL 904459 (W.D. Pa. Mar. 25, 2025).

Here, Williams' allegations in support of his emergency motion are distinct from the claims raised in his Section 2241 petition. In addition, the motion requests an injunctive order that would be directed against individuals not named as Respondents in this case. Further, the requested relief involves matters of prison administration that are properly left to the discretion of the BOP. Finally, Williams' motion sought to forestall an event that was apparently expected to occur on July 13, 2025. Since that date has now past, it would seem that time has rendered his motion moot. *See In re Material Witness Warrant Nichols*, 77 F.3d 1277, 1279 (10th Cir. 1996) (noting that mootness means that it would be impossible to grant the petitioner any meaningful relief on his claims). For all these reasons,

IT IS HEREBY ORDERED, this 24th day of October, 2025, that Williams' appeal of the Chief Magistrate Judge's August 5, 2025 ruling, ECF No. [5], is DENIED, and the Order entered by Chief Magistrate Judge Richard A. Lanzillo on August 5, 2025, ECF No. [3], is AFFIRMED.

*Susan Paradise Baxter* (signature)
SUSAN PARADISE BAXTER
United States District Judge